UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SARBJEET SINGH,<br><br>    Petitioner,<br><br>    v.<br><br>CHRISTOPHER CHESTNUT, et al.,<br><br>    Respondents. | No. 1:26-cv-00523-DAD-JDP<br><br>ORDER GRANTING PETITIONER'S PETITION FOR WRIT OF HABEAS CORPUS AND DENYING PETITIONER'S MOTION FOR A TEMPORARY RESTRAINING ORDER AS MOOT<br><br>(Doc. Nos. 1, 2) |

On January 21, 2026, petitioner Sarbjeet Singh filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his detention by United States Immigration and Customs Enforcement ("ICE"). (Doc. No. 1.) That same day, petitioner also filed a motion temporary restraining order requesting his immediate release and an order enjoining respondents from re-detaining him without first providing a pre-detention hearing before a neutral adjudicator where respondents would bear the burden to demonstrate that he is a danger to the community or a flight risk. (Doc. No. 2.) On January 22, 2026, the court set a briefing schedule as to petitioner's motion for a temporary restraining order and directed respondents to address whether any provision of law or fact in this case would distinguish it from the circumstances addressed in this court's recent decisions in *Ayala Cajina v. Wofford*, No. 1:25-cv-01566-DAD-AC (HC),

1

2025 WL 3251083 (E.D. Cal. Nov. 21, 2025), where the court concluded that due process required a pre-detention hearing to protect the petitioner's liberty interest in his continued release, and *O.A.C.S. v. Wofford*, No. 1:25-cv-01652-DAD-CSK (HC), 2025 WL 3485221 (E.D. Cal. Dec. 4, 2025), in which the court concluded that previously releasing the petitioner on his own recognizance created a reliance interest such that the petitioner was entitled to the due process available under 8 U.S.C. § 1226(a).

On January 26, 2026, respondents filed an opposition to petitioner's motion for a temporary restraining order and petition for writ of habeas corpus. (Doc. No. 7.) Respondents concede therein that this case does not contain substantial factual or legal issues that render it distinct from the court's prior orders in *Ayala Cajina* and *O.A.C.S.*. (*Id.* at 1.) Respondents also state that they are amendable to converting the motion for a temporary restraining order to a motion for a preliminary injunction, and adjudication of the underlying habeas petition. (*Id.*)

In support of his petitioner for writ of habeas corpus and motion for a temporary restraining order, petitioner alleges following.

Petitioner entered the United States on May 3, 2023, and was initially detained by an immigration official on the same day. (Doc. No. 1-1 at 3, 12.) Petitioner was then released by immigration authorities on May 4, 2023. (Doc. No. 1 at 15.) Petitioner does not have any criminal history, and he has complied with all immigration and supervision requirements. (Doc. No. 1 at 2.) Petitioner reported to an in-person immigration check-in on November 17, 2025, as instructed. (*Id.*) He was detained at that visit without written notice of the reason for his re-detention or an opportunity to contest his re-detention. (*Id.*) Petitioner has also presented evidence that he is a valued member of the Sangat (congregation) at the Gurudwara Sahib (Sikh Temple) he attends. (Doc. No. 1-1 at 36.)

Because respondents have conceded that this case is not substantively distinct from the situation addressed in this court's prior orders in *Ayala Cajina* and *O.A.C.S.*, the court incorporates and adopts the reasoning set for in that order and finds that petitioner's continued detention violates due process.

/////

For the reasons explained above,

1. Petitioner's petition for writ of habeas corpus (Doc. No. 1) is GRANTED, in part, as follows:

    a. Respondents are ORDERED to immediately release petitioner from respondents' custody with the same conditions he was subject to immediately prior to his re-detention on November 17, 2025;

    b. Respondents are ENJOINED AND RESTRAINED from re-detaining petitioner for any purpose, absent exigent circumstances, without providing petitioner notice and a pre-detention hearing before an immigration judge where respondents will have the burden of demonstrating that petitioner is a danger to the community or a flight risk;

    c. Petitioner's request for attorney's fees and costs pursuant to 28 U.S.C. § 2412 is DENIED without prejudice to bringing a properly noticed and supported motion;

2. Petitioner's motion for a temporary restraining order (Doc. No. 2) is hereby DENIED as having been rendered moot in light of this order;

4. The Clerk of the Court is directed to ENTER judgment in favor of petitioner; and

5. The Clerk of the Court is DIRECTED to close this case.

IT IS SO ORDERED.

Dated:   **January 27, 2026**

_Dale A. Drozd_
DALE A. DROZD
UNITED STATES DISTRICT JUDGE

3